UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIMBERLY M. KOVESDI** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-697** |
| | * | |
| **ALLSTATE IDEMNITY COMPANY** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is a Motion for Appeal/Review of Magistrate's Order on Motion to Compel Discovery (Rec. Doc. No. 45) filed by Defendant Allstate Indemnity Company. The Court has reviewed the submitted memoranda and applicable law and is ready to rule. For the following reasons, the motion is denied.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of a fire that occurred at Plaintiff Kimberly Kovesdi's residence at around 3 a.m. on May 1, 2009. Plaintiff filed insurance claims with Defendant Allstate Indemnity Company, with whom she had a homeowner's insurance policy. After investigating the claims, Defendant refused to tender payments because it believed that Plaintiff might have intentionally caused the fire. About two months after the fire, Plaintiff retained an attorney, believing that Defendant's failure to remit any payments under the policy constitutes a breach of its contractual obligation. At around the same time that Plaintiff obtained legal representation, Defendant requested that Plaintiff submit to an examination under oath and provide various financial records in accordance with the cooperation clause in her insurance contract. Through counsel, Plaintiff refused to do so.

In January 2010, Plaintiff filed suit. She alleged that Defendant had breached its contract

1

and that its refusal to pay her claims or to otherwise make a written offer of settlement within 30 and 60 days of receiving proof of loss was arbitrary and capricious. She averred that as a result, Defendant is liable for damages, penalties, attorney's fees, and costs under the applicable Louisiana statutes. In its answer, Defendant denied liability and asserted the affirmative defenses of material misrepresentation and of non-cooperation. Defendant did not assert the affirmative defense of arson.

On August 25, 2010, Defendant filed a motion to compel discovery. Defendant sought to compel Plaintiff to respond to a number of interrogatories that it had propounded. These sought information regarding: 1) all assets owned by Plaintiff in 2009, including any checking, savings, or brokerage accounts; 2) all information about any personal or business debt in 2009; 3) the name and phone numbers of any individual that Plaintiff contacted from 3 pm on the day before the fire until Plaintiff learned of the fire; 4) Plaintiff's telephone number and the name of the company providing phone service to all individuals in Plaintiff's household; 5) detailed description of personal property that Plaintiff lost in the fire; and 6) and description of personal property that other residents lost in the fire. Defendant also sought to compel Plaintiff to produce financial and cell phone records. Defendant argued that the information and documents are "relevant to the issues of motive and opportunity in a potential arson case." Def.'s Mem. at 2 (Rec. Doc. No. 30-4).

The Magistrate Judge granted Defendant's motion in part and denied it in part. The Magistrate Judge concluded that the interrogatories regarding the personal property lost are "reasonably calculated to lead to the discovery of admissible evidence relevant to [P]laintiff's claim" and thus granted Defendant's motion in that respect. Min. Order at 2 (Rec. Doc. No. 43).

But the Magistrate Judge found that the other types of information and documents are not relevant. *Id.* at 3. The Magistrate Judge noted that arson is an affirmative defense and that it must be pleaded. *Id.* at 2. Because Defendant did not plead the affirmative defense of arson, and because it argued that the information and records sought are relevant to "a potential arson case," the Magistrate Judge held that the information and records sought cannot be considered relevant. *Id.* at 3. Defendant's motion to compel was thus denied in all other respects.

Defendant has filed the present motion to appeal the Magistrate Judge's partial denial of its motion to compel. Defendant now argues that the information it seeks is relevant to the issue of damages and the affirmative defenses of material misrepresentation and non-cooperation. Plaintiff opposes the motion to appeal. Her primary contention is that Defendant has not raised these arguments with the Magistrate Judge and that they are thus outside the scope of this Court's review.

## II. LAW AND ANALYSIS

### 1. Scope and Standard of Review

The scope of a district court's review of a magistrate judge's decision regarding a nondispositive pretrial matter is narrow. A party is generally not entitled to raise arguments that it did not present to the magistrate judge. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994); *see also Martin v. Barnhart*, No. 02-3574, 2004 WL 1661207, at *5 (E.D. La. 2004). In other words, "[p]arties must take before the magistrate 'not only their best shot but all of their shots.'" *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Comm. of City of Portland*, 593 F. Supp. 1315, 1318 (D. Me. 1984)). This is because "Congress intended magistrates to play an integral and important role" in fostering

"an efficient federal court system." *Peretz v. United States*, 501 U.S. 923, 928 (1991). This congressional purpose would be entirely undermined if, whenever presented with a motion to appeal, a district court had to entertain arguments that the party had neglected to raise before the magistrate judge. *See, e.g.*, *Borden*, 836 F.2d at 6.

In its memorandum in support of its motion to appeal, Defendant has raised arguments that it did not put before the Magistrate Judge. These are the assertions that the information it seeks are relevant to the amount of damages and to the affirmative defenses of material misrepresentation and non-cooperation. There appears to be no compelling reason why Defendant did not present these contentions to the Magistrate Judge. Accordingly, these arguments will not be considered. In support of its motion to compel, Defendant advanced the argument that the information it has been seeking is discoverable because it is "relevant to the issues of motive and opportunity in a potential arson case." The decision of the Magistrate Judge to reject that argument can be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

**2. Relevance of the information**

The Magistrate Judge was correct in concluding that to the extent that the information is relevant to establishing that arson was committed, the information is not discoverable. As the Magistrate Judge observed, arson is an affirmative defense under Louisiana law, *Joubert v. Travelers Indem. Co.*, 736 F.2d 191, 193 (5th Cir. 1984), and under the Federal Rules of Civil Procedure, such defenses must be pleaded, *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (citing *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194 (5th Cir. 1985)). Defendant has not pleaded the affirmative defense of arson, and its "failure to plead such a

defense constitutes a waiver." *Id.*; *see also Funding Sys. Leasing Corp. v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976) ("When a defendant has waived his affirmative defense by failing to allege it in his answer . . . , he cannot revive the defense in a [subsequent] memorandum . . . ."). Defendant thus failed to show to the Magistrate Judge that the information it seeks is relevant to a claim or defense in this case as required under Federal Rule of Civil Procedure 26(b)(1). Under these circumstances, the Court is unable to conclude that the Magistrate Judge's ruling was "clearly erroneous or contrary to law."

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Appeal/Review of the Magistrate Judge's Order (Rec. Doc. No. 45) is hereby **DENIED**.

New Orleans, Louisiana, this 2nd day of November, 2010.

*[signature: Eldon E. Fallon]*

United States District Judge